The Court regrets that counsel for the respective parties were unable to work out a modus operandi so as to avoid duplication of effort and unnecessary loss of time, of counsel and litigants, especially so since it appears that substantially the same issues are involved in the pending actions.

The motion is denied. Settle order on notice.

tainty that Drown, a Massachusetts resident, will ever be an adverse party as required by Rule 27(a) (1), Fed.Rules Civ. Proc. 28 U.S.C.A., and establish the proper venue. The real adverse party in these proceedings is the Commissioner of Patents, and patently this court has no jurisdiction of that official.

Petition denied and dismissed.

### In re KILLIAN.
### Civ. A. No. 53–31–FEBD.

United States District Court
D. Massachusetts.

June 16, 1953.

### UNITED STATES v. SHUBERT et al.

United States District Court
S. D. New York.

March 26, 1953.

See also, 11 F.R.D. 528.

I. U. Townsend, Jr. (Emery Booth Townsend Miller & Weidner), Boston, Mass., for petitioner.

George Crompton, Jr., Worcester, Mass., for Wm. L. Drown.

FORD, District Judge.

This petition is plainly brought for purposes of discovery; see Barron and Holtzoff, Vol. 2, § 671; Moore's Federal Practice, 2d Ed., Vol. 4, pp. 1824, 1825; there will be ample time for this; furthermore, there is not any substantial degree of cer-